**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| **GARY S. LEVINE,** *et al,* | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Case No. RWT 13-cv-2639 |
| | * | |
| **JPMORGAN CHASE BANK, N.A.** | * | |
| | * | |
| Defendant. | * | |
| | * | |

## MEMORANDUM OPINION

Before the Court is Defendant's Motion to Dismiss. Because Plaintiffs have failed to state a claim upon which relief can be granted, and for the reasons stated below, the Motion shall be granted, and Plaintiffs' Complaint shall be dismissed.

## BACKGROUND

On July 16, 2013, Plaintiffs Gary S. Levine and Karen W. Levine filed a civil complaint in the Circuit Court for Montgomery County seeking to quiet title on the property located at 7920 Brink Road in Gaithersburg, Maryland ("7920 Brink Road"), and to declare invalid the Deeds of Trust encumbering the property. ECF No. 2. On September 11, 2013, Defendant JPMorgan Chase Bank, N.A. filed a Notice of Removal, removing the case to this Court on the basis of diversity of citizenship.[1] ECF No. 1. The Complaint alleges that any liens Defendant has on 7920 Brink Road are deficient. ECF No. 2. First, Plaintiffs, citing U.C.C. § 3-302[2], allege that Defendant is "**NOT** Holder/holder in Due Course of the **'authentic, original, unaltered Promissory Note'** evidencing the claimed indebtedness." *Id.* (emphases in original). Second,

---

[1] According to the Notice of Removal, the Plaintiffs are citizens of Maryland and the Defendant is a citizen of Ohio. ECF No. 1.

[2] Codified under Maryland law at Md. Code Ann. Com. Law § 3-302. The Complaint, and Defendant's Motion to Dismiss, cite the Uniform Commercial Code throughout instead of Maryland's codification. The sections at issue, and the supporting comments, are the same. For simplicity, this Opinion will reference the U.C.C.

Plaintiffs allege that Defendant "violated numerous sections" of the National Bank Act, 12 U.S.C. § 1, *et seq*, but actually recite only one violation.  According to the Complaint, the National Bank Act prohibits financial institutions from "enter[ing] into mortgage agreements for real estate beyond a 5-year period," rendering Defendant's 30-year mortgage with Plaintiffs "by operation of law…fraudulent."  *Id.*  Third, Plaintiffs, citing U.C.C. § 3-308, "deny the validity of any signature on any photocopy of a Promissory Note."  *Id.*  Finally, Plaintiffs, citing the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, allege that Defendant illegally acted as a debt collector.[3]  *Id.*

Defendant filed a Motion to Dismiss on September 17, 2013.  ECF No. 8.  In its Motion, Defendant argued that U.S. Bank, N.A., as Trustee to the Deed of Trust, was a necessary party, and accordingly that the Complaint should be dismissed for failure to join U.S. Bank.  *Id.*  Defendant also challenged the legal and factual sufficiency of the Complaint.  *Id.*  On November 4, 2013, Plaintiffs filed a "Counterclaim Complaint to Motion to Dismiss."  ECF No. 13.  This document did not address any of Defendant's arguments in support of its Motion.  It purported to add U.S. Bank as a party, but U.S. Bank has not been added as a party.  ECF Nos. 13, 15.  On November 13, 2013, Defendant filed a Motion to Correct Docket, arguing that Plaintiffs' submission should be styled as an amended complaint.  ECF No. 14.  By order dated February 25, 2014, this Court denied that motion and granted Plaintiffs fourteen days to address Defendant's Motion to Dismiss.  ECF No. 15.  Plaintiffs have not made any further submissions in this case.  Because Plaintiffs have failed to timely respond to Defendant's Motion to Dismiss, the Court will consider the Motion unopposed, and will consider the Motion in conjunction with the Complaint.

---

[3] There is also a paragraph in the Complaint that reads in its entirety "Plaintiffs specifically challenge the debt instrument that gives rise to any lien instrument."  ECF No. 2.  Plaintiffs do not state any legal or factual grounds that form the basis for this challenge.  Since the entire gravamen of the Complaint is a challenge to the liens encumbering the property and the promissory notes connected with those liens, the Court views this paragraph as surplusage that does not itself state an independent allegation or cause of action.

## STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is "to test the sufficiency of a complaint." *Edwards v. City of Goidsboro,* 178 F.3d 231, 243 (4th Cir.1999). A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe factual allegations "in the light most favorable to the plaintiff," *see Lambeth v. Bd. of Comm'rs of Davidson Cnty.,* 407 F.3d 266, 268 (4th Cir.2005). A *pro se* plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must liberally construe a *pro se* plaintiff's complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Simmons & United Mortg. & Loan Invest.,* 634 F.3d 754, 768 (4th Cir.2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville,* 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark,* 561 F.3d 261, 266 (4th Cir. 2009)).

## ANALYSIS

Plaintiffs seek to have title quieted on 7920 Brink Road, and to have the liens burdening this property declared null and void.  ECF No. 2.  To successfully state a quiet title claim under Maryland law, a plaintiff must show her "claim to title and allege an invalid or defective adverse interest."  *Koehler v. Wells Fargo Bank*, CIV. WDQ-10-1903, 2011 WL 691583 at *4 (D. Md. Feb. 28, 2011).  Plaintiffs advance several theories as to why Defendant's liens are defective.  The Court will address the legal and factual sufficiency of each of these theories in turn.

### I.        Allegation Under U.C.C. § 3-302 that Defendant is Not the Holder in Due Course of Notes

Plaintiffs allege that Defendant is not a holder in due course of any notes evidencing Plaintiffs' indebtedness.  ECF No. 2.  U.C.C. § 3-302 provides the requirements for the holder of a negotiable instrument to be considered a "holder in due course."  For example, the instrument must not have apparent evidence of forgery or alteration, and must have been taken for value, in good faith, without notice that it is overdue or has been dishonored, and without notice of any claim.  U.C.C. § 3-302(a).  The Complaint does not contain any factual allegations whatsoever that, taken as true, make it plausible that Defendant is not a holder in due course of the notes.  For example, there is no allegation that Defendant transferred the notes, or that the notes were obtained without meeting the requirements for Defendant to be a holder in due course.  The conclusory allegation that Defendant is not a holder in due course, without more, does not raise Plaintiffs' "right to relief above the speculative level."  *Monroe,* 579 F.3d at 386.

### II.       Allegation that JPMorgan Chase Violated the National Bank Act

Plaintiffs allege that Defendant "violated numerous sections" of the National Bank Act, but actually recite only one violation: that the 30-year mortgage Defendant entered into with Plaintiffs was a violation of the five year limitation the National Bank Act places on the length of mortgages entered into by financial institutions.  ECF No. 2.  As Defendant correctly points out, the National

Bank Act contains no such limitation on the length of mortgages entered into by financial institutions.  Plaintiffs are apparently referring to 12 U.S.C. § 29.  However, that provision only limits the length of time a financial institution may hold *possession in its own name* of real estate under a mortgage, and Plaintiffs make no allegation that Defendant is currently in possession of 7920 Brink Road.  *See id.*; *see also Hennington v. Bank of America*, 1:10-CV-1350-WSD-JFK, 2010 WL 5860296 at *5n.5 (N.D. Ga. Dec. 28, 2010) (12 U.S.C. § 29 "does not prevent a banking association from making a loan to another person or entity and obtaining a mortgage or security interest of more than five years to secure the loan.").  It is well-settled that this provision does not limit the length of mortgages financial institutions may originate in the ordinary course of business. *See id.* (characterizing a similar claim as "frivolous").

## III.    Denial of Validity of Signatures

Plaintiffs, citing U.C.C. § 3-308, "deny the validity of signature on any photocopy of a Promissory Note."  ECF No. 2.  As Defendant points out, under this provision, while the person claiming the validity of a signature bears the burden of proving validity, the signature is presumed to be authentic.  U.C.C. § 3-308(a).  Thus, the person denying its validity must introduce some evidence to support a finding of invalidity.  Comment No. 1 to U.C.C. § 308.  Plaintiffs allege no facts supporting their claim that any signatures appearing on photocopies of the notes are invalid. The general, conclusory denial of validity, without any allegation of facts to support that denial, is plainly insufficient to survive a motion to dismiss.

## IV.    Allegation that Defendant Illegally Acted as a Debt Collector

Plaintiffs allege that Defendant, "in its communication to Plaintiffs was acting as a debt collector, which violates" the Fair Debt Collection Practices Act.  ECF No. 2.  This allegation is wholly unsupported.  To make out a claim for a violation of the FDCPA "a plaintiff must allege facts that make it plausible to believe that the defendant is in fact a debt collector as defined by the

FDCPA."  *Givens v. CitiMortgage, Inc.*, CIV. PJM 10-1249, 2011 WL 806463 (D. Md. Feb. 28, 2011).  The FDCPA defines a debt collector as a person who "regularly collects or attempts to collect…debts owed or due or asserted to be owed or due *another.*"  15 U.S.C. § 1692a(6) (emphasis added).  Plaintiffs set forth no allegation that Defendant was acting to collect the debt owed another, or otherwise met the definition of a debt collector under the FDCPA in dealing with Plaintiffs.  Further, Plaintiffs are seeking to quiet title and invalidate the notes and related liens encumbering 7920 Brink Road.  Violations of the FDCPA may give rise to civil relief, *see* 15 U.S.C. § 1692k, but Plaintiffs point to no provision of the FDCPA providing that a violation entitles the debtor to invalidate the debt.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [ECF No. 8] will be granted, Plaintiff's Complaint [ECF No. 2] will be dismissed with prejudice, and the Clerk will be ordered to close the case. A separate Order follows.

<u>Date</u>:  September 11, 2014

                            /s/
                       ROGER W. TITUS
              UNITED STATES DISTRICT JUDGE